[L. A. No. 1616.    Department Two.—January 28, 1907.]

CONSTANCE M. GOYTINO, Appellant, v. CITY OF LOS ANGELES, Respondent.

ACTION TO QUIET TITLE—DEDICATION OF PUBLIC STREET—PRESCRIPTION.— CONFLICTING EVIDENCE — INTERRUPTION OF POSSESSION — SUPPORT OF FINDING.—In an action to quiet title, involving a claim of prescriptive title to a street prior to an acceptance by the city defendant of a dedication thereof upon a recorded map, a finding against such title was sustained by proof that plaintiff's adverse possession thereof was interrupted by the superintendent of streets before the lapse of five years from the date of commencement of adverse possession, as shown by conflicting evidence for the defendant against the testimony of plaintiff to an earlier date.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Dunnigan & Dunnigan, for Appellant.

W. B. Mathews, City Attorney, and Lester R. Hewitt, for Respondent.

McFARLAND, J.—This action was brought by plaintiff to quiet her title to certain lots of land in the city of Los Angeles. Judgment went for plaintiff as to all the land except that part last described in the complaint, which the city of Los Angeles alleges to be a public street called Leonis Street. As to the last-named land the court found that plaintiff had no title thereto, and that it was a public street, and rendered judgment as to said land in favor of the city. Plaintiff moved for a new trial and the court denied the motion; and from the order denying the motion for a new trial plaintiff appeals. There is no appeal from the judgment.

The appellant founds her claim of title solely upon prescription, claiming to have fenced in the said land and to have held it by actual adverse possession under claim of ownership for more than five years.

The main features of the case are these: The said piece of land called Leonis Street was formerly part of a larger tract, called Leonis Tract, which was owned by several persons as tenants in common, including appellant. In 1892 there was pending an action entitled *Brousseau* v. *Leonis,* for the partition of the said Leonis Tract; and in March, 1892, a decree was rendered in said action by which partition was ordered, and a part of the tract was awarded to each cotenant. Appellant was awarded a part of the land designated as Lot 20, which adjoins and faces on said Leonis Street. The referees who had been appointed in the case had made their report, which was accompanied by a map on which was delineated the lots which were to go to the cotenants respectively, and also certain streets, among which was the said Leonis Street. This decree and map were accepted by all the cotenants, and the map was duly recorded. Afterwards, in 1901, the mayor and council of the city of Los Angeles passed an ordinance by which all offers of dedication of streets were formally accepted.

Appellant, however, contends that prior to the passage of said ordinance she had acquired title to this asserted street by prescription. But the court found that she had no title to said land; and the evidence as to the question whether or not she had acquired any title by prescription was certainly con-

flicting. The only evidence on the point offered by appellant was the testimony of her husband, J. P. Goytino. He testified that he was appellant's agent in the management of her business and real property; and that after the decree and early in 1892 he inclosed Lot 20 and also said land designated on the map as Leonis Street by fences, and that since then the appellant had kept the said land inclosed by fences, claiming to own it. But Horace Bell, a witness for respondent, testified that he was one of the tenants in common of the Leonis Tract, and had awarded to him Lots 23 and 25, which face on Leonis Street directly opposite to said Lot 20 of appellant; that three or four years after the date of the decree he went upon the land, and finding some Chinamen intruding on his lots he fenced them in; that appellant had a fence along her Lot 20, and that after he had fenced in his lots there was a fence on each side of Leonis Street, but no fences on the end of said street, and that "this left Leonis Street open"; that several years afterwards he heard that Goytino had closed in the street, and going there he found that Goytino had taken some lumber left there by the witness and had built two fences across Leonis Street; and that he immediately complained to the street superintendent, who afterwards removed the fences and opened the street. While the dates of some of these later occurrences are not given with entire exactness, still Bell's testimony squarely contradicted the testimony of Goytino to the effect that he had fenced in the street in 1892, and showed that there had been no such fencing for three or four years after 1892; and, considering all the evidence, we cannot say that the court was not justified in its finding. Goytino also testified that he planted some trees in the street, but the testimony of Bell was that these trees ran parallel with the south line of Lot 20 owned by appellant, and were "about where the curb line of a sidewalk would run."

The findings are general, responding to the averments of the complaint, which were general. There is no point made as to any want of findings, the position taken by appellant being that the findings were not warranted by the evidence.

The order denying the motion for a new trial is affirmed.

Henshaw, J., and Lorigan, J., concurred.